UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MANUEL WILLIAMS,
              Plaintiff,

  v.

                                   Case No. 07C1157

OFFICER PICKLE, et al.,
              Defendants.

## ORDER

Plaintiff Manuel Williams seeks relief under 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

According to the April 26, 1996 amendments to § 1915, plaintiff prisoners must still pay the entire statutory filing fee of $350, regardless of whether in forma pauperis status is ultimately granted. § 1915(b)(1); Newlin v. Helman, 123 F.3d 429, 432 (7th Cir. 1997), overruled on other grounds by Lee v. Clinton, 209 F.3d 1025 (7th Cir. 2000). However, a plaintiff prisoner is allowed to pay the filing fee in increments, according to the formula set forth in § 1915(b)(1). Under this provision, the court will assess an initial partial filing fee of twenty percent of the greater of: (1) the average monthly deposits into the plaintiff's prison account; or (2) the average monthly balance in the plaintiff's prison account, each for the six-month period immediately preceding the filing of the complaint.

After the initial fee is paid, the agency having custody of the plaintiff captures twenty percent of the income deposited to the plaintiff's prison trust account each month. Once the accumulated twenty percent deductions exceed $10.00, prison officials shall forward the accumulated deductions to the Clerk of the Court towards the plaintiff's filing fee. Williams v. Litscher, 115 F. Supp. 2d 989, 991 (W.D. Wis. 2000).

As is required, the present plaintiff filed a certified copy of his prisoner trust account statement for the six-month period preceding the filing of this action. A review of this statement reveals that, for the relevant six-month period, the average monthly deposit into plaintiff's prison account was zero and the average monthly balance was zero. Thus, the plaintiff has neither assets nor means to pay any initial partial filing fee. Because a prisoner may not be prohibited from bringing a civil action for the reason that he lacks the assets and means to pay an initial partial filing fee, § 1915(b)(4), plaintiff will be granted a waiver of payment of the initial partial filing fee in this case. However, he is still obligated to pay the full filing fee pursuant to the statutory formula set forth in § 1915(b)(2). See § 1915(b)(1).

**Notice to Plaintiff:** Please be aware that § 1915(g) creates a "three strikes" rule. This means that if a prisoner files three actions or appeals which are dismissed as frivolous or malicious or for failure to state a claim upon which relief can be granted, that prisoner may not bring any other actions in forma pauperis unless he or she is in imminent danger of serious physical injury. § 1915(g).

If you believe you may incur a "strike" under § 1915(g) when the merits of your claim(s) are assessed at a later stage of this litigation, and you want to avoid that possibility, you may notify the Clerk of Court in writing within twenty-one days of the date of this order, stating that you do not wish to continue prosecuting this civil action. If I receive such notification, this case will be dismissed without prejudice, without your incurring a "strike" under § 1915(g).

**NOW, THEREFORE, IT IS HEREBY ORDERED** that, pursuant to § 1915(b)(4), plaintiff will not be required to pay an initial partial filing fee.

**IT IS FURTHER ORDERED** that, if he wishes to voluntarily dismiss this action to avoid the possibility of incurring a strike under § 1915(g), plaintiff shall so notify the court within 21 days of the date of this order.

After the expiration of 21 days, the court will review plaintiff's legal claim(s) to determine whether the action may proceed in forma pauperis. Claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief against defendants with immunity will be dismissed at this stage. § 1915(e)(2)(B).

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Dated at Milwaukee, Wisconsin, this 15 day of January, 2008.

/s_____
LYNN ADELMAN
District Judge