UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MANUEL WILLIAMS,

    Plaintiff,

  v.                         Case No. 07-C-1157

OFFICER PICKLE, OFFICER FULLMER,
OFFICER KAZICK, JOHN DOE, sued as Correctional Officer Art,
OFFICER JOHNSON, JOHN DOE, Correctional Officer,
OFFICER FIAECO, DR. BREANE, DR. SCHMITCH,
JOHN DOES, sued as Kitchen Chefs Ted, Barrier, and Hitt,
JOHN DOES, sued as Nurse Gene, and unknown nurse,
OFFICER VANDENWAL, JAMES GREER, CYNTHIA THORPE,
CAPTAIN HEIZSKY, CAPTAIN LACRENT, LT. SWIEKATOWSKI,
OFFICER MEYER, OFFICER MAMERMAN, ERICA GAUMNITZ,
FRED LEE, NURSE GREENWOOD, DR. HEIDERN,
JOHN DOE, sued as CCI Physician, JOHN DOE, Nurses,
MICHAEL MOHR, JODENE PERTTUO,
JOHN DOE, sued as Law Librarian, SGT. LONGSINE,
SGT. KAPHINGST, OFFICER CAUL, DR. MILLER,
JOHN DOES, sued as Correctional Officers at GBCI,
LEMERY, JOHN DOE, sued as Sergeant at GBCI,
TOM GOZINSKE, AMY SMITH, RICK RAEMISCH,
MICHAEL BAENAN, SARAH COOPER,
PETE ERICKSON, and WILLIAM POLLARD,

    Defendants,

**ORDER**

    Plaintiff, a Wisconsin state prisoner, lodged a pro se civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated, along with a motion for leave to proceed in forma pauperis. He subsequently paid the $350.00 filing fee. Thus, plaintiff's motion for leave to proceed in forma pauperis will be denied as moot.

Regardless of plaintiff's fee status, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To avoid dismissal for failure to state a claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). It is not necessary for the plaintiff to plead specific facts; his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, __ U.S. __, 127 S. Ct. 2197, 2200 (2007) (citations omitted). In deciding whether the complaint states a claim, the court must accept as true all of the factual allegations contained in the complaint. Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1965 (2007). There is no heightened pleading requirement for pro se prisoner civil rights complaints. Thomson v. Washington, 362 F.3d 969, 970-71 (7th Cir. 2004). Of

2

course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." Id. at 970.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: 1) that he or she was deprived of a right secured by the Constitution or laws of the United States, and 2) that the deprivation was visited upon the plaintiff by a person acting under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. See Erickson, 127 S. Ct. at 2200 (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

Plaintiff was incarcerated at the Green Bay Correctional Institution ("GBCI") at all times relevant. The complaint names forty-two defendants. On the first page of the complaint, plaintiff states that he has had three "strikes."[1] However, because he does not seek leave to proceed in forma pauperis, the PLRA three-strikes provision is not invoked in this case.

The complaint is 101 pages long, with 67 hand-written pages and 34 pages of attachments, which are mainly Wisconsin Department of Corrections Inmate Complaint Review System documents. Plaintiff alleges numerous claims: 1) Eighth Amendment

---

[1]Plaintiff refers to the three-strikes provision of the Prison Litigation Reform Act (PLRA) which provides:

> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

3

medical care (pages 3-17); 2) access to the courts (pages 18-19); 3) "medical diet" (19-23); 4) retaliation (23-24); 5) undecipherable claim potentially invoking due process property rights (25-28); 6) excessive force (28-32); 7) Americans with Disabilities Act (33); 8) legal loan mail conspiracy (34-35); 9) law clerk harassment/denial of access to legal materials (35-36); 10) mail conspiracy and tampering (36-40); 11) conditions in cells (40); and 12) discrimination (41-42). The remainder of the hand-written portion of the complaint includes various other allegations which could be construed as potential claims. For example, plaintiff alleges that he was denied religious materials and was subjected to poor conditions in segregation, among other things.

Based on the court's reading of the complaint, plaintiff is attempting to improperly bring unrelated claims in a single case. As instructed by the court of appeals in George v. Smith, 507 F.3d 605 (7th Cir. 2007), under the controlling principle of Federal Rule of Civil Procedure 18(a), "[u]nrelated claims against different defendants belong in different suits" so as to prevent prisoners from dodging the fee payment or three strikes provisions in the Prisoner Litigation Reform Act. Id. at 607. Specifically, Rule 18(a) provides that "[a] party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." Under this rule, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." George, 507 F.3d at 607.

Moreover, the Court of Appeals in George reminded district courts that Federal Rule of Civil Procedure 20 applies as much to prisoner cases as it does to any other case. Id. Under that rule, joinder of multiple defendants into one action is proper only "if there is

4

asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendant will arise in the action."

This court finds that plaintiff's complaint violates Rule 18 and 20 insofar as it advances unrelated claims against different defendants. The George court instructed that such "buckshot complaints" should be "rejected." Id. Therefore, the court will strike the complaint. Plaintiff will be allowed to file an amended complaint in this case incorporating only properly related claims. Any unrelated claim not pursued in this case must be brought in a separate action.

Plaintiff is advised that because an amended complaint supercedes a prior complaint, any matters not set forth in the amended complaint are then, in effect, withdrawn. See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84, 133 F.3d 1054, 1056 (7th Cir. 1998). If plaintiff files an amended complaint, it will become the operative complaint in this action and will be screened by the court in accordance with 28 U.S.C. § 1915A.

Further, plaintiff is advised that "Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus liability does not attach unless the individual defendant caused or participated in a constitutional violation." Vance v. Peters, 97 F.3d 987, 991 (7th Cir. 1996). Moreover, the doctrine of respondeat superior (supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. See Pacelli v. deVito, 972 F.2d 871, 877 (7th Cir. 1992). Section 1983 does not create collective or vicarious responsibility. Id. Thus, with respect to any claim or claims advanced in his amended complaint, plaintiff must identify the individual defendants and specify the manner in which their actions, or failure to take action, violated his constitutional rights.

5

## ORDER

**IT IS THEREFORE ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket #2) be and hereby is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the complaint submitted on December 28, 2007, is hereby **STRICKEN**.

**IT IS FURTHER ORDERED** that plaintiff's motion for extension of time to serve defendants (Docket #8) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that plaintiff is directed to file an amended complaint on or before June 2, 2008, which contains only related claims in accordance with this decision and order.

**IT IS FURTHER ORDERED** that if plaintiff does not file an amended complaint by June 2, 2008, that complies with the requirement of Rules 18 and 20, Federal Rules of Civil Procedure, this action will be dismissed, without prejudice, for failure to prosecute.

Dated at Milwaukee, Wisconsin, this 12 day of May, 2008.

/s_____
LYNN ADELMAN
District Judge